UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MORGAN R. BLAKE | CIVIL ACTION NO. 21-cv-2046 |
| Plaintiff | |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JACOB BROWN, Individually, and in his capacity as a Louisiana State Trooper; RANDALL DICKERSON, Individually and in his capacity as a Louisiana State Trooper; JUSTIN MORRIS, Individually and in his capacity as a Louisiana State Trooper; and William C. Martin, Individually and in his capacity as a Louisiana State Trooper | MAGISTRATE JUDGE KAYLA MCCLUSKY |

## COMPLAINT

Complainant, MORGAN R. BLAKE, by and through his counsel of record, state and allege as follows:

### I. JURISDICTION

1. This is an action seeking money damages and other relief. The jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331 and 1343, this lawsuit being authorized by 42 U.S.C. § 1983.

2. This action seeks damages and other relief to redress violations by Defendants acting under color of state law and to recompense Complainant for the deprivation of his rights, privileges and immunities guaranteed to them by the Constitution of the United States, particularly the Fourth and Fourteenth Amendments.

3. Complainant also invokes this Court's pendent jurisdiction to hear and adjudicate his claim arising under the laws of the State of Louisiana.

## II. PARTIES

4. Complainant, Morgan R. Blake, resides in Rancho Mirage, Riverside County, California.

5. Jacob Brown, Individually and in his capacity as a Louisiana State Trooper.

6. Randall Dickerson, Individually and in his capacity as a Louisiana State Trooper.

7. William C. Martin, Individually and in his capacity as a Louisiana State Trooper.

8. These Defendants are sued in their individual and official capacities.

9. At all times pertinent to this Complaint, the Defendants acted under color of state law.

## III. FACTS

10. On or about July 16, 2019, at approximately 6:30 a.m., Complainant was traveling east on I-20 in a black Mercedes SUV.

11. At that same time, State Trooper Justin Morris was traveling east on I-20 near milepost 101 when he observed the vehicle being driven by Complainant, activated his emergency lights and conducted a traffic stop.

12. Complainant pulled over and provided the State Trooper with his California Driver's License.

13. Complainant advised the officer that the SUV he was driving had been rented in Los Angeles by his brother and that he was on his way to Jackson, Mississippi.

14. The State Trooper asked Complainant to exit his vehicle and asked for consent to search the vehicle. Complainant refused consent.

15. Complainant was detained without cause at the scene on the side of the roadway.

16. The LSP K-9 unit was then called to the scene and Trooper Jake Brown was deployed with LSP K-9 "Skip".

17. Search of the vehicle was then made and approximately thirteen pounds of marijuana was found in the vehicle.

18. Complainant was then arrested, handcuffed and advised of his Miranda rights.

19. Complainant was then assaulted and battered by Troopers Morris and Brown.

20. Complainant was then transported to Troop F Headquarters in Monroe, Louisiana.

21. While at Troop F, an ambulance was called for complainant who was injured by the earlier aggravated battery. Complainant was then transported to LSU Conway Hospital for further evaluation and treatment.

22. Troopers Martin and Dickerson while at LSU Conway Hospital again assaulted and battered, without cause or provocation, Complainant.

23. Complainant was ultimately released by LSU Conway and was sent to Ouachita Correctional Center and booked.

24. Due to the altercations between Complainant and Troopers, Brown, Dickerson and Martin, Complainant suffered injuries to various portions of his body.

25. Complainant received physical injuries which required medical treatment as a result of the multiple batteries by Troopers, Brown, Dickerson and Martin.

26. At no time did Complainant commit an offense against the laws of the State of Louisiana for which in any way justified Defendants' actions.

## IV. VIOLATIONS OF LAW

### COUNT 1

27. Defendants' actions in physically abusing Complainant were intentional, malicious and in bad faith.

28. As a direct and proximate result of Defendants' actions, Complainant received injuries which required medical attention.

29. As a direct and proximate result of Defendants' actions, Complainant was deprived of rights, privileges and immunities guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution; in particular, the rights to be secure in his person and property, and to due process.

30. Defendants' actions deprived Complainant of these rights in violation of 42 U.S.C. § 1983.

31. All of the aforementioned actions and omissions of the Defendants complained of by Complainant have been performed or committed by Defendants under color of state law. Accordingly, Complainant is entitled to damages and other relief pursuant to the authority of 42 U.S.C. § 1983.

32. Complainant further show that there is a documented history of similar, if not identical, conduct by Defendants in this matter.

33. As a direct and proximate result of Defendants' actions, Complainant suffered and continues to suffer from physical injuries and serious mental anguish and psychological and emotional stress.

34. Complainant's injuries were the direct result of the failure of the Louisiana State Police to property train and supervise these Defendants.

35. State law claims based upon respondeat superior are also asserted.

## COUNT 2

36. Complainant re-alleges paragraphs 1- 34 of this Complaint as though fully set forth herein.

37. The acts and conduct of Defendants alleged above constitute assault, battery, aggravated battery, intentional infliction of emotional distress, false detention/arrest and/or negligence under the laws of the State of Louisiana, and this Court has pendent jurisdiction to hear and adjudicate all said claims.

WHEREFORE, Complainant demands judgment against Defendants as follows:

A. Declaring pursuant to 28 U.S.C. § 2201 and 2202 that the actions of the Defendant set forth herein in violation of Complainant's rights under the United States Constitution, 42 U.S.C. § 1983 and Louisiana law.

B. Awarding to Complainant reasonable compensatory and punitive damages.

C. Awarding to Complainant reasonable attorney's fees and the costs and disbursements of this action; and

D. Granting to Complainant such other and further relief as the court may deem just and proper under the circumstances.

E. Complainant requests trial by jury.

Respectfully submitted,

LAVALLE B. SALOMON, APLC
700 North 2nd Street
P. O. Box 14596
Monroe, Louisiana 71207
Telephone: (318) 387-1222
Facsimile: (318) 387-1273
ATTORNEY FOR COMPLAINANT

BY _____
Lavalle B. Salomon - #8599