UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MORGAN R. BLAKE,** * | |
|     **Plaintiff** * | |
| v. * | Civil Action No. 3:21-CV-02046-TAD-KDM |
| * | |
| **JACOB BROWN, Individually, and in** * | **JUDGE TERRY A. DOUGHTY** |
| **his capacity as a Louisiana State Trooper** * | |
| **RANDALL DICKERSON, Individually,** * | **MAGISTRATE JUDGE KAYLA** |
| **and in his capacity as a Louisiana** * | **MCCLUSKY** |
| **State Trooper; JUSTIN MORRIS,** * | |
| **Individually, and in his capacity as a** * | |
| **Louisiana State Trooper; and** * | |
| **WILLIAM C. MARTIN, Individually,** * | |
| **and in his capacity as a Louisiana** * | |
| **State Trooper** * | |

## MEMORANDUM IN SUPPORT OF
## RULE 12(b)(6) MOTION TO DISMISS

The Court should dismiss both of Plaintiff's claims against Louisiana State Police Trooper William C. Martin because those claims are prescribed. Plaintiff alleged a claim under 42 U.S.C. § 1983, and a state law tort claim. Both claims are prescribed because both claims have a one-year prescriptive period, but Plaintiff did not file this suit until two years after his alleged injuries.

Although Plaintiff alleged that his injuries arose from crimes of violence, presumably to apply Louisiana's two-year prescriptive period for torts arising from actions that are defined as crimes of violence, the Court should still dismiss his § 1983 claim because the two-year period is inapplicable to § 1983 claims. The Court should still dismiss Plaintiff's tort claim because he alleged no ground for any crime of violence. The Court should also dismiss Plaintiff's tort claim because Plaintiff's allegations are merely conclusory and thus state no claim against Trooper Martin. Alternatively, the Court should dismiss Plaintiff's tort claim because it would lack supplemental jurisdiction over that claim if Plaintiff's § 1983 claim is dismissed as prescribed.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed suit on July 15, 2021, alleging that he was injured on July 16, 2019, after two Louisiana State Police troopers arrested and battered him. R. Doc. 1 at ¶ 10-19. He was transported to the headquarters of Louisiana State Police Troop F before being transported to a hospital where Trooper Martin and another trooper allegedly battered him again. *Id.* at ¶¶ 20-25. Plaintiff claimed that the troopers including Trooper Martin are liable under 42 U.S.C. § 1983, and under state law torts. *Id.* at ¶¶ 27-37. Plaintiff later amended to allege that the Troopers' actions collectively were "aggravated/second degree battery." R. Doc. 3 at ¶¶ A and B.

## LAW AND ARGUMENT

**I.   The Court should dismiss Plaintiff's § 1983 claim because Louisiana's one-year prescriptive period for general tort claims applies to § 1983 claims brought in Louisiana, but Plaintiff did not file his claim within one year of his injuries.**

Plaintiff's § 1983 claim should be dismissed as prescribed because Louisiana's one-year prescriptive period for torts applies, but Plaintiff did not file suit until two years after the incident alleged in his Complaint. Prescription may be raised in a Rule 12(b)(6) motion because dismissal under 12(b)(6) is proper "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003); *see also Anderson v. City of New Orleans*, No. CIV.A. 03-3010, 2004 WL 1396325, at *3 (E.D. La. June 18, 2004) ("A complaint is subject to dismissal for failure to state a claim upon which relief can be granted if the prescriptive period has run").

Plaintiff had one year to file his § 1983 claim because Louisiana's prescriptive period for general torts is one year. The forum state's general personal injury statute of limitations applies to § 1983 actions. *Perez v. Physician Assistant Bd.*, 765 Fed. App'x 960, 963 (5th Cir. 2019) (*citing Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)); *see also Miller v. Mancuso*, 388 Fed. App'x 389, 391 (5th Cir. 2010) (applying Louisiana's general prescriptive period to a § 1983

2

action for excessive force). Louisiana's prescriptive period for personal injury actions is one year. La. C.C. Art. 3492. Thus, Plaintiff had one year to file his § 1983 claim.

That claim is prescribed because Plaintiff did not file it within one year of his alleged injuries. Under Plaintiff's allegations, the incident occurred on July 16, 2019, but he did not file suit until two years later on July 15, 2021. Thus, his § 1983 claim is prescribed.

Although Plaintiff alleged that his injuries arose from "aggravated/second degree battery" and those are "crimes of violence" under La. R.S. 14:2(B), the two-year prescriptive period under La. C.C. Art. 3493.10 for delictual actions arising from acts considered crimes of violence does not salvage Plaintiff's § 1983 claim because that period does not apply to § 1983 claims. The Supreme Court has instructed that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the *general* or *residual* statute for personal injury actions." *Owens v. Okure*, 109 S. Ct. 573, 582 (1989), *emphasis added*. Consistently, each federal district in Louisiana has applied that instruction to hold that the general one-year prescriptive period applies to § 1983 actions rather than the two-year period under La. C.C. Art. 3493.10 even when the plaintiff alleged crimes of violence.[1] Thus, Louisiana's one-year prescriptive period applies to Plaintiff's § 1983 claim regardless of whether Plaintiff alleged crimes of violence. That claim is therefore prescribed and should be dismissed with prejudice because Plaintiff cannot amend his Complaint to allege that his § 1983 claim was timely filed.

---

[1] *See Williams v. Ouachita Par. Sheriff's Dep't*, No. 17-60, 2017 WL 4401891, at *3 n. 6 (W.D. La. Aug. 28, 2017), *adopted*, No. 17-60, 2017 WL 4399277 (W.D. La. Oct. 3, 2017); *Diaz v. Guynes*, No. 13-4958, 2015 WL 1897630, at *2 (E.D. La. Apr. 27, 2015); *Cook v. Lamotte*, No. 14-428, 2015 WL 269149, at *1 n. 2 (M.D. La. Jan. 21, 2015), and *Edwards v. Lewis*, 2:21-CV-00560, 2021 WL 3363555, at *3 (W.D. La. July 15, 2021), *adopted,* 2:21-CV-00560, 2021 WL 3359984 (W.D. La. Aug. 2, 2021) (Doughty, J.).

**II.     The Court should dismiss Plaintiff's tort claim against Trooper Martin because that claim is also prescribed, because his allegations are merely conclusory, or alternatively because the Court will lack supplemental jurisdiction once Plaintiff's § 1983 claim is dismissed.**

**A.     Plaintiff's tort claim is prescribed because the one-year period for general tort claims applies rather than the two-year period under La. C.C. Art. 3493.10 since Plaintiff did not plead the elements of any crime of violence.**

Plaintiff's state-law tort claim should also be dismissed with prejudice because it is also prescribed. The claim would obviously be prescribed under La. C.C. Art. 3492's one-year prescriptive period for general tort claims because, again, Plaintiff did not file within one year of his injuries. That period applies rather than the two-year period under La. C.C. Art. 3493.10 even though Plaintiff alleged that the defendants' actions were aggravated battery and second-degree battery, because Plaintiff did not allege the elements for either crime.

**1.     Plaintiff stated no claim for aggravated battery because it requires the use of a dangerous weapon, but Plaintiff did not allege that Trooper Martin used a dangerous weapon to harm Plaintiff.**

Plaintiff did allege aggravated battery against Trooper Martin because Plaintiff did not allege that Trooper Martin used a dangerous weapon. The use of a dangerous weapon is required for aggravated battery because aggravated battery is "a battery committed with a dangerous weapon." La. R.S. 14:34. But Plaintiff did not allege that Trooper Martin (or any other defendant) used any dangerous weapon to injure Plaintiff. To the contrary, Plaintiff merely alleged that Trooper Martin "assaulted and battered" Plaintiff "without cause or provocation." R. Doc. 1 at ¶ 22. Without an allegation that any defendant used a weapon to injure him, he stated no ground for aggravated battery.

      **2.**      **Plaintiff stated no claim for second-degree battery against Trooper Martin because Plaintiff did not allege that he sustained serious bodily injury or that Trooper Martin had the specific criminal intent to cause serious bodily injury to Plaintiff.**

Plaintiff also alleged no second-degree battery because he included no allegation that his injuries were serious, nor did he allege that Trooper Martin acted with specific intent to cause serious bodily injury to Plaintiff. Under La. R.S. 14:34.1, second degree battery "is a battery when the offender intentionally inflicts serious bodily injury…." Thus, it requires (1) a battery; (2) that resulted in serious bodily injury; and (3) specific intent to inflict serious bodily injury. *State v. Walker*, 53,975 (La. App. 2 Cir. 6/30/21), 321 So. 3d 1154, 1162.

Plaintiff did not plead the serious bodily injury requirement of second-degree battery because he did not allege that he sustained any serious injury, nor did he identify any serious injury that he allegedly sustained. "Serious bodily injury" is defined as "unconsciousness; extreme physical pain; protracted and obvious disfigurement; protracted loss or impairment of the function of a bodily member, organ, or mental faculty; or a substantial risk of death." La. R.S. 14:2(C). Plaintiff stated no claim for a tort arising from a second-degree battery because he did not allege that he suffered any of those conditions. To the contrary, Plaintiff merely alleged that he suffered unspecified "physical injuries" to various portions of his body. R. Doc. 1 at ¶¶ 24-25. Without any fact alleging that his injuries were serious, Plaintiff stated no ground for second-degree battery.

Plaintiff also did not meet the intent element of second-degree battery because he did not allege that Trooper Martin actively desired to cause Plaintiff serious bodily injury. Specific criminal intent is "that state of mind which exists when the circumstances indicate that the offender *actively desired* the prescribed criminal consequences to follow his act or failure to act." La. R.S. 14:10(a), *emphasis added*. This is opposed to "general criminal intent," which is merely when the "offender, in the ordinary course of human experience, must have adverted to the prescribed

criminal consequences as reasonably certain to result from his act or failure to act." La. R.S. 14:10(2). In *State in Interest of T.C.*, 2018-1246 (La. App. 1 Cir. 12/21/18), 269 So. 3d 716, 720, the Court held that although the defendant had the general intent to "punch" the victim and the victim experienced serious bodily injury, the defendant did not commit second-degree battery because did not have the specific intent to cause serious bodily injury.

Plaintiff did not meet the requirement to plead specific criminal intent because he pled no facts that could be taken to show that Trooper Martin actively desired to cause Plaintiff serious bodily injury. To the contrary, the only allegation in Plaintiff's Complaint concerning intent is his conclusory allegation that that "Defendants' actions in physically abusing [Plaintiff] were intentional, malicious and in bad faith." R. Doc. 1 at ¶ 27. There are no facts showing that any of the four defendants intended to harm Plaintiff, much less that Trooper Martin "actively desired" to cause serious bodily harm to Plaintiff. Without alleging facts showing that Trooper Martin had the specific criminal intent to cause Plaintiff serious bodily harm, Plaintiff did not plead the elements of a second-degree battery.

### 3. Plaintiff's tort claim should be dismissed with prejudice because the one-year period for general tort claims applies rather than the two-year period under La. C.C. Art. 3493.10.

The general one-year period for general tort claims applies because Plaintiff did not plead grounds for either aggravated battery or second-degree battery that could trigger La. C.C. Art. 3493.10's two-year prescriptive period. His tort claim is prescribed because Plaintiff did not file his tort claim within one year of his injuries. The Court should therefore dismiss Plaintiff's tort claim against Trooper Martin, with prejudice. He is not entitled to an opportunity to amend because he already amended once, but he could not state grounds to show that his tort claim is not prescribed. He is not entitled to another opportunity to amend.

> **B.    Plaintiff's tort claim should also be dismissed because his allegations against Trooper Martin are merely conclusory and thus state no claim on which relief can be granted against Trooper Martin.**

As another basis for dismissal of Plaintiff's tort claim, Plaintiff stated no claim against Trooper Martin because Plaintiff's allegations against him are merely conclusory. Although a complaint "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

Plaintiff's allegations against Trooper Martin do not meet this standard because his allegations are nothing more than a "defendant-unlawfully-harmed-me" accusation. The only allegations against Trooper Martin are that he "while at LSU Conway Hospital again assaulted and battered, without cause of provocation, [Plaintiff]"; that Plaintiff received unspecified physical injuries that required medical treatment; and that the actions of all defendants, collectively, were "intentional, malicious and in bad faith." R. Doc. 1 at ¶¶ 22, 24-25, and 27-28. These allegations fall short of stating a claim upon which relief can be granted against Trooper Martin because they are merely conclusory, and are not to be taken as true for purposes of a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (conclusory allegations are not assumed to be true). Plaintiff did not allege such facts as how Trooper Martin assaulted or battered Plaintiff as opposed to any other defendant,[2] what specific injuries Plaintiff received as a result, or the specific

---

[2] *See Cain v. City of New Orleans*, CV 15-4479, 2016 WL 2849478, at *5 (E.D. La. May 13, 2016) (because "liability is personal" and the notice pleading requirement of the Federal Rules of Civil Procedure entitle "each defendant...to know what he or she did that is asserted to be wrongful," allegations based on a "theory of collective responsibility" cannot withstand a motion to dismiss.

circumstances of the alleged battery. Plaintiff's tort claim against Trooper Martin should therefore be dismissed because it is merely conclusory, and thus states no claim upon which relief can be granted against Trooper Martin. That dismissal should be with prejudice and without an opportunity to amend because Plaintiff already amended once, but he still stated no tort claim.

        **C.**        **Alternatively, this Court should dismiss Plaintiff's state-law tort claim against Trooper Martin if it dismisses Plaintiff's prescribed § 1983 claim, because the Court would lack supplemental jurisdiction over the tort claim.**

Trooper Martin maintains that this Court should dismiss Plaintiff's tort claim with prejudice because it is prescribed or because Plaintiff failed to state a tort claim upon which relief can be granted. Alternatively, the Court should dismiss that claim under Fed. R. Civ. P. 12(b)(1) if it dismisses Plaintiff's § 1983 claim because the Court would lack subject matter jurisdiction over Plaintiff's tort claim. As a basis for subject matter jurisdiction over his tort claim, Plaintiff alleged that this Court has "pendent" jurisdiction. R. Doc. 1 at ¶ 3. Supplemental (formerly called "pendent") jurisdiction arises from 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…." But if the original-jurisdiction claims are dismissed, dismissal of supplemental state law claims is proper because there is no longer any basis for supplemental jurisdiction. *See Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992) (dismissing supplemental state-law claims after dismissing a § 1983 claim).

This Court would lack supplemental jurisdiction over Plaintiff's tort claim if it dismisses Plaintiff's prescribed § 1983 claim because the only federal claim that Plaintiff pled was his § 1983 claim. Although the Court can and should dismiss Plaintiff's tort claim with prejudice because it is prescribed, the Court could alternatively dismiss Plaintiff's tort claim for lack of supplemental

8

jurisdiction because the Court would have no basis to exercise supplemental jurisdiction over that claim if his § 1983 claim is dismissed.

## Conclusion

Plaintiff stated no claim upon which relief can be granted against Trooper Martin for either of his two claims because they are both prescribed. Both claims carry a one-year prescriptive period, but Plaintiff did not file suit until two years after his injuries. The two-year prescriptive period for torts based on crimes of violence does not rescue Plaintiff's § 1983 claim because it does not apply to § 1983 claims. That claim should be dismissed with prejudice because it is prescribed, and Plaintiff cannot amend to state facts showing that the claim is not prescribed.

That two-year prescriptive period also does not rescue Plaintiff's tort claim because Plaintiff did not plead the elements for any crime of violence. Further, Plaintiff stated no tort claim against Trooper Martin because his mere conclusory allegations do not meet the standards for stating a claim upon which relief can be granted. That tort claim should be dismissed with prejudice because Plaintiff already amended once but he did not fix the defects in his Complaint. Alternatively, the Court should dismiss Plaintiff's tort claim if it dismisses Plaintiff's § 1983 claim because the Court would lack supplemental jurisdiction over that state-law claim.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: */s/ Daniel J. Phillips*
**LAWRENCE E. MARINO, # 23206**
**PATRICK B. McINTIRE, #17052**
**DANIEL J. PHILLIPS, #32921**
**SPECIAL ASSISTANT ATTORNEYS GENERAL**
**OATS & MARINO**
**A Partnership of Professional Corporations**
Suite 400, Gordon Square
100 East Vermilion Street
Lafayette, Louisiana 70501
Tel: (337) 233-1100
Fax: (337) 233-1178
Email:  lmarino@oatsmarino.com
         pmcintire@oatsmarino.com
         dphillips@oatsmarino.com
*Counsel for Defendant, Trooper William Martin*