UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MORGAN R. BLAKE | CIVIL ACTION NO. 3:21-CV-2046 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JACOB BROWN, ET AL | MAGISTRATE JUDGE MCCLUSKY |

MEMORANDUM IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS

This Memorandum is submitted on behalf of defendant RANDALL DICKERSON ("Dickerson") individually and in his capacity as a Louisiana State Trooper. As stated in defendant's Rule 12(b)(6) Motion, Dickerson adopts and incorporates herein by reference the prescription arguments made by defendants William C. Martin and Jacob Brown in their respective Rule 12(b)(6) Motions to Dismiss (Docs. 5 and 7) and the annexed memoranda in support (Docs. 5-1 and 7-1). The prescription arguments are further discussed below in context with the alleged actions of defendant, Randall Dickerson. For the reasons stated herein, plaintiff's claims against Dickerson should be dismissed with prejudice.

I. **INTRODUCTION**

The original Complaint of plaintiff Morgan Blake (hereinafter "Blake") was filed on July 15, 2021 (Doc. 1, Complaint). Blake alleged therein without specificity that he had been "assaulted and battered" by State Trooper Dickerson "on or about July 16, 2019" at LSU Conway Hospital, where Blake had been taken for "evaluation and treatment". (Id., Complaint, ¶¶ 21 and 22).

Plaintiff alleged Dickerson and other State Troopers are liable for damages under 42 U.S.C. § 1983 (Id., Complaint, ¶¶ 27-35); plaintiff further alleged liability of the State Troopers under Louisiana tort law. (Id., Complaint, ¶¶ 36-37). Plaintiff specifically alleged that he was assaulted and battered by defendant while at LSU Conway Hospital (Id., Complaint, ¶ 22); he further alleged that State Troopers'

1

conduct constituted "assault, battery, aggravated battery," and other torts. (Id., Complaint ¶ 37). Plaintiff subsequently amended Paragraphs 21 and 37 of his Complaint to allege he was the victim of an "aggravated/second degree battery," and that the defendants conduct constituted "assault, battery, aggravated/second degree battery." (See Doc. 3, First Supplemental and Amending Complaint, ¶¶ A and B [amending original Paragraphs 21 and 37]). All allegations of the original Complaint were reiterated and realleged. (Id., First Supplemental and Amending Complaint, ¶ C).

II. **LAW AND ARGUMENT**

A. **Plaintiff's § 1983 Claim Has Prescribed and Should be Dismissed**

As shown below, Louisiana's one-year general prescriptive period for torts is applicable here. Plaintiff did not file his suit until almost two-years after the conduct alleged in his Complaint. Prescription is properly raised as a ground for dismissal in a Rule 12(b)(6) motion "where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The forum state's general personal injury statute of limitations applies to § 1983 actions. *Perez v. Physician Assistant Bd.*, 765 Fed. Appx. 960, 963 (5th Cir. 2019), *citing Redburn v. City of Victoria*, 898 F.3d. 486, 496 (5th Cir. 2018); *Miller v. Mancuso*, 388 Fed. Appx. 389, 391 (5th Cir. 2010) (applying Louisiana's general prescriptive period to a § 1983 excessive force claim). As per La. C.C. art. 3492, "[d]elictual actions are subject to a liberative prescription of one year." Louisiana's prescriptive period for personal injury actions is therefore one year. The conduct at issue is alleged to have occurred on or about July 16, 2019 (Doc. 1, ¶¶ 10-22); plaintiff did not file suit until July 15, 2021 – almost two years later. (See Doc. 1). Plaintiff's claim under 42 U.S.C. § 1983 has prescribed. Plaintiff's allegations of "aggravated/second degree battery" do not save his prescribed claim as a "crime of violence" under La. R.S. 14:2(B) - for which a two-year prescriptive period is provided by La. C.C. art. 3493.10. On this point, in *Owens v. Okure*, 488 U.S. 235, 249-250, 109 S. Ct. 573, 582, 109 L.Ed.2d 594 (1989), the United States Supreme Court said, "[w]e

2

…hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow <u>the general or residual statute for personal injury actions</u>." (Emphasis added). The Federal District Courts of Louisiana have adhered to the Supreme Court's holding in *Owens, supra*, uniformly applying Louisiana's <u>one-year</u> prescriptive period, even when purported "crimes of violence" are alleged. See *Edwards v. Lewis*, No. 2:21-00560, 2021 WL 3363555, *3 (W.D. La. July 15, 2021, *adopted*, 2021 WL 3359984 (W.D. La. Aug. 2, 2021 (alleged excessive force "crime of violence"); *Williams v. Ouachita Parish Sheriff's Dept.*, No. 17-0060, 2017 WL 4401891, *3 FN6 (W.D. La. Aug. 28, 2017), *adopted*, 2017 WL 4399277 (W.D. La. Oct. 3, 2017) (alleging defendants "battered and injured" plaintiff); *Diaz v. Guynes*, No. 13-4958, *2 (E.D. La. April 27, 2015) (alleging multiple "crimes of violence" over extended period, including rape at gunpoint); *Cook v. Lamotte*, No. 14-428, 2015 WL 269149, *1 FN2 (M.D. La. Jan. 21, 2015) (alleged excessive force). Thus, plaintiff's <u>§ 1983</u> claim has prescribed; it cannot be saved through amendment of the Complaint; and accordingly, plaintiff's claim under <u>42 U.S.C. § 1983</u> should be <u>dismissed with prejudice</u>.

### B. <u>Plaintiff's State Law Tort Claim Should be Dismissed with Prejudice</u>

As discussed below, plaintiff's original and amended complaints fail to allege the elements necessary to establish a "crime of violence" under "<u>Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950</u>," as referenced in <u>La. C.C. art. 3493.10</u>. Accordingly, the <u>two-year</u> prescriptive period <u>La. C.C. art. 3493.10</u> is not applicable, and plaintiff's State law tort claim has prescribed under the <u>one-year</u> prescriptive period of <u>La. C.C. art. 3492</u>.

### (1) <u>Plaintiff Does Not Allege use of a Dangerous Weapon, and Thus States No Claim for "Aggravated Battery"</u>

As per <u>La. R.S. 14:34</u>, "aggravated battery" is a "battery committed with a dangerous weapon." Plaintiff's "battery" allegations relating to Dickerson do not aver Dickerson used *any weapon* in his alleged encounter with plaintiff. (See Doc. 1, ¶¶ 16, 19, 24, 25). Thus, plaintiff has not alleged the critical component of the purported "crime."

(2) **Plaintiff Does Not Allege He Sustained Serious Bodily Injury, and He Fails to allege Specific Intent to Cause Serious Bodily Injury; Plaintiff Thus States No Claim for "Second Degree Battery"**

As per La. R.S. 14:34.1(A), "second degree battery" is "a battery when the offender intentionally inflicts *serious bodily injury*." (Emphasis added). The "Definitions" section Louisiana's Title 14 states, in La. R.S. 14:2(C):

> For purposes of this Title, "serious bodily injury" means bodily injury which involves unconsciousness; extreme physical pain; protracted and obvious disfigurement; protracted loss or impairment of the function of a bodily member, organ, or mental faculty; or a substantial risk of death."

(Emphasis added). The court in *State v. Jackson*, 53497 (La. App. 2 Cir. 5/20/20), 296 So.3d 1156, 1160, said further, "[s]econd degree battery is a specific intent crime, and therefore, the evidence must show that the defendant intended to inflict serious injury." (Emphasis added; citations omitted). Plaintiff alleges he "suffered injuries to various portions of his body" and purportedly "received physical injuries which required medical treatment." (Doc. 1, Complaint, ¶¶ 24, 25, emphasis added). Plaintiff has not alleged receiving "serious bodily injury" as required for "second degree battery". Moreover, plaintiff has not identified any "serious bodily injury" as specifically defined by La. R.S. 14:2(C). Nor has plaintiff alleged Dickerson had specific intent to cause him severe bodily injury. As per La. R.S. 14:10(1), "[s]pecific criminal intent is the state of mind which exists when the circumstances indicate that the offender actively desires the prescribed consequences to follow his act or failure to act." Plaintiff makes no allegations of specific criminal intent; he makes no allegations that even indicate Dickerson had specific criminal intent to cause injury. As noted above, plaintiff fails to allege the elements necessary to invoke the two-year prescriptive period of La. C.C. art. 3493.10, which states, in pertinent part: "Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, except as provided in Article 3496.2 [sexual assault], are subject to a liberative prescription of

4

two years." (Emphasis and bracketed material added). Thus, Louisiana's one-year prescriptive period is applicable to plaintiff's State law claim; that period had expired before plaintiff filed this lawsuit.

## III. CONCLUSION

Plaintiff alleges damages from conduct purportedly occurring on or about July 16, 2019; plaintiff's suit was not filed until July 15, 2021 (Doc. 1, Complaint). Louisiana's general prescriptive period of one-year is applicable to actions under 42 U.S.C. § 1983. As to his State law tort claim, plaintiff has failed to allege any facts that would allow the application of Louisiana's two-year prescriptive period for "crimes of violence." Plaintiff's federal and state law claims have prescribed, and accordingly, plaintiff's lawsuit should be dismissed with prejudice.

Respectfully submitted,

**JEFF LANDRY**
Attorney General

By: _____
LEWIS O. LAUVE, JR. (#21316)
Special Assistant Attorney General
3112 Jackson Street
Alexandria, Louisiana 71301
Tel: (318) 449-1937
ATTORNEYS FOR DEFENDANT,
RANDALL DICKERSON

5