UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MORGAN R. BLAKE** | **CIV. ACTION NO. 3:21-02046** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JACOB BROWN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, are three motions to dismiss for failure to state a claim upon which relief can be granted, one each filed by Defendants, William Martin [doc. # 5], Jacob Brown [doc. # 7], and Randall Dickerson [doc. # 11], plus a recently filed motion to dismiss for insufficient service of process and for failure to state a claim upon which relief can be granted, or in the alternative, for more definite statement, filed by Defendant Justin Morris [doc. 18]. For reasons set forth below, it is recommended that the motions to dismiss for failure to state a claim upon which relief can granted be GRANTED IN PART, and that Plaintiff's federal law claims under 42 U.S.C. § 1983 against all Defendants be dismissed, with prejudice. It is further recommended that the motions to dismiss otherwise be DENIED, without prejudice, and, instead, that Plaintiff's remaining state law claims against all Defendants be DISMISSED, without prejudice.

**Background**

Morgan Blake ("Blake") alleges that, on or about July 16, 2019, he was traveling eastbound in a black Mercedes SUV on Interstate 20 near mile marker 101 when he was stopped by Louisiana State Police Trooper Justin Morris. (Compl., ¶¶ 10-12). After learning that Blake had a California driver's license, that Blake's brother (rather than Blake, apparently) had rented

1

the SUV in Los Angeles, and that Blake was on his way to Jackson, Mississippi, Morris sought consent to search the vehicle. *Id.*, ¶¶ 12-14. When Blake demurred, a K-9 unit was called to the scene and deployed by Louisiana State Police Trooper Jacob Brown. *Id.*, ¶ 16. The troopers searched the vehicle and uncovered approximately thirteen pounds of marijuana, whereupon Blake was handcuffed and advised of his *Miranda* rights. *Id.*, ¶¶ 17-18.

Inexplicably, however, Troopers Morris and Brown then assaulted and battered Blake before transporting him to Troop F headquarters in Monroe, Louisiana. *Id.*, ¶ 19-20. While Blake was at Troop F, an ambulance was called to take him to the hospital because of the injuries that he sustained pursuant to the "earlier aggravated battery." *Id.*, ¶ 21. At the hospital, Louisiana State Police Troopers William Martin and Randall Dickerson inflicted yet another unprovoked assault and battery on Blake. *Id.*, ¶ 22.

Almost two years later, on July 15, 2021, Blake filed the instant complaint against Defendants Jacob Brown, Randall Dickerson, Justin Morris, and William Martin in their individual and official capacities. (Compl., &¶ 4-8). Blake asserts two counts against Defendants, the first of which is a claim for damages for deprivation of rights under 42 U.S.C. §1983 for violations of the Fourth and Fourteenth Amendments to the U.S. Constitution, including a claim against the Louisiana State Police for failure to train and supervise. *Id.*, ¶¶ 27-35. Blake further asserts unspecified "[s]tate law claims based upon respondeat superior . . ." *Id*.

In Count II, Blake alleges that Defendants' conduct "constitute[s] assault, battery, aggravated battery, intentional infliction of emotional distress, false detention/arrest and/or negligence under the laws of the State of Louisiana . . ." *Id.*, ¶¶ 36-37.

Blake contends that Defendants' actions caused him to suffer physical injuries, plus serious mental anguish, psychological and emotional "stress." *Id.*, ¶ 33. He seeks a declaratory

judgment, together with an award of compensatory and punitive damages against Defendants, plus attorney's fees and costs.  *Id*., Prayer.

On July 16, 2021, Blake filed his First Supplemental and Amending Complaint ("FSAC"), wherein he amended two paragraphs of the original complaint to specify that Defendants' actions also constitute "second degree battery."  (FSAC [doc. # 3]).

On October 4, 2021, Defendant, William Martin, filed a Rule 12(b)(6) motion seeking dismissal of Blake's federal and state law claims against him because they are time-barred; Blake did not allege facts to support a tort claim against him; and, alternatively, the court should decline to exercise supplemental jurisdiction over the state law claims, in the event the court were to dismiss the federal law claims.  [doc. # 5].

On October 20, 2021, Defendant, Jacob Brown, filed a Rule 12(b)(6) motion seeking dismissal of Blake's federal and state law claims against him because they are time-barred. [doc. # 7].

On November 2, 2021, Defendant, Randall Dickerson, filed his own Rule 12(b)(6) motion seeking dismissal of Blake's federal and state law claims against him because they are time-barred.  [doc. # 11].

Blake filed separate, but similar oppositions to each of the foregoing motions to dismiss on October 25, November 8, and November 10.  [doc. #s 9, 13, 15, & 17].  In his memoranda, Blake argues that the suit is not time-barred because Louisiana Civil Code Article 3493.10 provides a two-year prescriptive period for crimes of violence that applies to the aggravated and second- degree batteries that Defendants purportedly inflicted on him.  *Id*.  If the court were to dismiss his § 1983 claims, Blake alternatively asked the court to remand his "negligence action" to state court, in particular, to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.  *Id*.

Defendants, Martin and Brown, filed reply briefs on November 1 and 8, 2021, respectively. [doc. #s 10 & 16]. Defendant, Dickerson, did not file a reply brief and the time to do so has expired. *See* Notice of Motion Setting [doc. # 12].

On November 24, 2021, Defendant, Justin Morris, filed a motion to dismiss for failure to effect valid service of process upon him in either his individual or official capacity. [doc. # 18]. He further urges dismissal of Blake's federal and state law claims because they are time-barred. Morris also argues that Blake's state law tort claims are conclusory, and consequently, that they fail to state a claim for relief. Alternatively, if the court dismisses the federal law claims, then Morris urges the court to decline to exercise supplemental jurisdiction over the state law claims. Finally, should the court refuse to dismiss Blake's claims, Morris requests issuance of an order requiring Blake to amend his complaint to offer a more definite statement.

Although the delays for Blake to file an opposition to Morris's motion have not yet run, Morris's motion advances the same limitations arguments that his co-defendants raised, to which Blake has offered the same response. Because the limitations issue proves dispositive, *see* discussion, *infra*, the court need not await briefing on the additional, and, as it turns out, superfluous grounds for dismissal raised by Morris. In other words, the matter is ripe.

## **Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. FED. R. CIV. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Although limitations is an affirmative defense, a district court is authorized to dismiss a case (even *sua sponte*) when "it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citation omitted). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir.

2014) (citation omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

## Analysis

### I. Timeliness of § 1983 Claims

Statutes of limitations serve as absolute bars to suit. *Nottingham v. Richardson*, 499 Fed. Appx. 368, 375 (5th Cir. 2012). However, there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Therefore, the court looks to the forum state's "general or residual" limitation for personal injury actions, which, in Louisiana, is one year. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citations omitted); LA. CIV. CODE ART. 3492 (delictual actions are subject to a liberative prescription period of one year); *Owens v. Okure*, 488 U.S. 235, 249–50; 109 S.Ct. 573, 582 (1989).

In his memoranda, Blake intimated that his § 1983 claim should be governed by Louisiana's two- year prescriptive period for "delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence . . ." LA. CIV. CODE ART. 3493.10. In *Owens v. Okure*, however, the Supreme Court held "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the **general or residual** statute for personal injury actions." *Owens,* 488 U.S. at 249-50 (emphasis added). Relying on *Owens,* all three federal district courts in this state repeatedly

have declined to apply Article 3493.10's two- year prescriptive period to section 1983 claims.[1] Plaintiff did not provide any rationale to diverge from this overwhelming weight of authority, nor does the undersigned perceive any cognizable basis for doing so.

"[F]ederal law determines when a § 1983 claim accrues." *Jacobsen, supra* (citation omitted). "Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). Further, "[a] plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Id*. (citation omitted). In fact, "a plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Id*. (citation omitted).

Here, it is manifest that Blake's federal cause of action accrued on July 16, 2019, the date that Brown, Dickerson, Morris, and Martin allegedly battered and injured him. Blake, however, did not assert his federal law claims until he filed the instant suit almost two years later. Of course, this was one year too late.[2] Therefore, Blake's section 1983 claim is untimely on the

---

[1] *Jerxavier L. Lane v. La Dept Of Corrections, et al.*, Civ. Action No. 17-0547, 2021 WL 5285853, at *1 (W.D. La. Nov. 12, 2021); *Edwards v. Lewis*, Civ. Action No. 21-0560, 2021 WL 3363555, at *3 (W.D. La. July 15, 2021), *R&R adopted,* 2021 WL 3359984 (W.D. La. Aug. 2, 2021); *Byrd v. Scott P. Nelson, et al.*, Civ Action No. 20-1282, 2021 WL 3745011, at *2 (W.D. La. Aug. 24, 2021); *Winstel v. City of Shreveport*, Civ. Action No. 12-2617, 2013 WL 4888614, at *4 (W.D. La. Sept. 11, 2013); *Savoy v. St. Landry Parish Council,* Civ. Action No. 08B0232, 2009 WL 4571851 (W.D. La. Dec. 1, 2009); *Diaz v. Guynes*, Civ. Action No. 13-4958, 2015 WL 1897630, at *2 (E.D. La. Apr. 27, 2015); *Cook v. Lamotte*, Civ. Action No. 14-0428, 2015 WL 269149, at *1 (M.D. La. Jan. 21, 2015).

[2] Blake did not advance any grounds for equitable tolling. *See Stapleman v. Dep't of Pub. Safety & Corr.*, 537 Fed. App'x. 492 (5th Cir. 2013) (plaintiff failed to show that equitable tolling was warranted where his complaint was facially untimely).

face of the complaint, and it is recommended that his federal claims be dismissed on that basis.

## II.     State Law Claims

In their several motions to dismiss, Defendants urged dismissal of Blake's federal **and** state law claims as time-barred. However, when, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed,³ the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. This is the general rule. *Priester, supra* (citation omitted). The undersigned further observes that interpretation and application of Louisiana's various prescriptive periods to Blake's state law claims remains an issue within the particular province and expertise of the state courts.

In sum, the twin interests of comity and efficiency dictate that the state law claims be dismissed without prejudice.⁴ 28 U.S.C. § 1367(c); *see Bowman v. Ouachita Par. Sheriff's*

---

³  The complaint suggests that the parties may be diverse. However, Blake did not invoke the court's diversity jurisdiction in his complaint or in his memoranda. In any event, the possibility of diversity jurisdiction proves illusory because Blake sued Defendants in their individual *and* official capacities. Moreover, when state officials are sued in their official capacities on state law claims in federal court, the action represent a suit against the state itself. *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011). It is well-established that a state is not a citizen for purposes of diversity jurisdiction, and consequently, a court may not exercise diversity jurisdiction in a case where a state is a party. *Tex. Dep't. of Hous. Cmty. Affairs v. Verex Assur., Inc.,* 68 F.3d 922, 926 (5th Cir. 1995), *overruled on other grounds by Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 413 n.19 (5th Cir. 2009); *Tradigrain, Inc. v. Mississippi State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983) (and cases cited therein).

⁴  In his memoranda, Blake petitioned the court to remand the matter to state court. Remand, however, is not available in this case because the matter was not removed from state court; rather, Blake commenced suit before this court. *See* Compl. Nevertheless, the potential hardship imposed by dismissal is ameliorated by the court's appreciation that Blake may re-file this matter in state court during the delays associated with the instant report and recommendation. Such a filing may help to ensure that the state court suit is not plagued by *additional* bases to support the exception of prescription. *See* LA. CIV. CODE ART. 3462. Alternatively, the limitations period is tolled for a minimum of 30 days after dismissal. *See* 28 U.S.C. § 1367(d).

*Office*, Civ. Action No. 20-1372, 2021 WL 900670 (W.D. La. Feb. 22, 2021), *R&R adopted,* 2021 WL 899076 (W.D. La. Mar. 9, 2021) (declining to exercise supplemental jurisdiction over potentially untimely state law claims after dismissal of federal law claims); *Williams v. Ouachita Par. Sheriff's Dep't*, Civ. Action No. 17-0060, 2017 WL 4401891 (W.D. La. Aug. 28, 2017), *R&R adopted,* 2017 WL 4399277 (W.D. La. Oct. 3, 2017) (same); *Edwards, supra* (same); *Byrd, supra* (same).

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motions to dismiss for failure to state a claim upon which relief can be granted, filed by Defendants, William Martin [doc. # 5], Jacob Brown [doc. # 7], Randall Dickerson [doc. # 11], and Justin Morris [doc. # 18] be GRANTED IN PART and DENIED IN PART. IT IS RECOMMENDED that Plaintiff's federal law claims under 42 U.S.C. § 1983 against all Defendants be DISMISSED, with prejudice. FED. R. CIV. P. 12(b)(6). IT IS FURTHER RECOMMENDED that the motions to dismiss [doc. #s 5, 7, 11, & 18], including the motion for more definite statement [doc. # 18] otherwise be DENIED, without prejudice, and, instead, that Plaintiff's remaining state law claims against all Defendants be DISMISSED, without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

---

Also, although it is unfortunate that the parties will have to undergo the trouble and expense of re-filing the existing pleadings in the anticipated state court suit, much of the work performed here should readily transfer to the state court proceeding.

objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

In Chambers, at Monroe, Louisiana, on this 1st day of December, 2021.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE